**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

REC'D OCT 22 2026

| | |
|---|---|
| **SALMAN GILL,**<br>Plaintiff,<br>**v.**<br>**EQUIFAX INFORMATION SERVICES, LLC.,**<br>Defendant. | **CASE NO.** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, and for his Complaint against Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681–1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be

denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiffs note, the disclosure and summary-of-rights requirements are designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

5. Under the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. § 1681, a **credit file** (often referred to as a "consumer file") encompasses information maintained by a consumer reporting agency (CRA) about a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. This information is used or expected to be used for purposes such as evaluating eligibility for credit, employment, insurance, or other permissible purposes. Here's a breakdown of what typically encompasses a credit file pursuant to the FCRA.

    a. Identifying Information:

        i. Name (current and former names or aliases);

        ii. Current and previous addresses;

iii. Social Security Number;

iv. Date of birth; and

v. Phone numbers associated with the consumer.

b. Credit Account Information:

i. Details of credit accounts, such as credit cards, mortgages, auto loans, and other debts;

ii. Account status (open, closed, current, delinquent, etc.);

iii. Credit limits or loan amounts;

iv. Payment history, including on-time payments, late payments, or defaults; and

v. Balances owed on accounts.

c. Public Records:

i. Bankruptcies, foreclosures, liens, or judgments; and

ii. Other legal actions that may impact creditworthiness.

d. Collection Accounts:

i. Information about accounts that have been sent to collection agencies due to non-payment.

e. Inquiries:

i. Records of entities (e.g., lenders, employers) that have accessed the consumer's credit file;

ii. Distinction between "hard inquiries" (e.g., applying for credit) and "soft inquiries" (e.g., pre-qualification checks or account reviews).

f. Other Relevant Information

i. Employment history (in some cases, if provided by the consumer or furnishers); and

ii. Any consumer statements or disputes filed regarding inaccuracies in the credit file.

6. Equifax violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to ensure the accuracy and completeness of trended data in Plaintiff's consumer credit report, failing to disclose all information contained in Plaintiff's file upon request, and failing to conduct a reasonable reinvestigation of disputed inaccurate trended data.

7. Trended data, as defined by Equifax, includes historical payment and balance information reported over a 24-month period—such as balance amounts, original loan or credit limits, scheduled payment amounts, actual payment amounts, and dates of last payments. This type of data is critical for lenders because it reflects a consumer's credit behavior over time, rather than offering a static snapshot like traditional credit data. (*See* Equifax Website https://www.equifax.com/business/blog/-/insight/article/trended-data-impact-credit-decisions/.)

8. Equifax, as a consumer reporting agency ("CRA"), has a statutory duty under 15 U.S.C. § 1681e(b) to follow reasonable procedures to ensure the maximum possible accuracy of information in consumer credit reports. Under 15 U.S.C. § 1681g(a)(1), Equifax must disclose all information in a consumer's file upon request.

Additionally, under 15 U.S.C. § 1681i, Equifax is required to conduct a reasonable reinvestigation when a consumer disputes the accuracy or completeness of information in their credit report.

9. Equifax failure to ensure the accuracy and completeness of trended data, failure to disclose all information in Plaintiff's file, and failure to reasonably reinvestigate Plaintiff's disputes have caused significant harm to Plaintiff's creditworthiness, resulting in both economic and non-economic damages.

10. Equifax employees are located overseas and routinely spend less than 15 minutes addressing Plaintiff's disputes.

11. The ACDV forms and Metro 2 communications will confirm the presence of incomplete and inaccurate information

12. Further, Equifax failed to provide a complete copy of Plaintiff's consumer file upon request, refused to attach Plaintiff's consumer statement to his file, and did not disclose its method of verification when asked.

**THE FAIR CREDIT REPORTING ACT (FCRA)**

13. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information ..." 15 U.S.C. § 1681(b); Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a

need to ensure that consumer reporting agencies exercise their grave responsibilities of fairness, impartiality, and respect for the consumer's right to privacy."

14. Consumer Reporting Agencies ("CRA's) such as Defendants are not allowed to report false, incomplete, or unverifiable information. If a consumer realizes that there is false or incomplete information on their credit report, they have the right to dispute this with the CRA and are entitled to a reasonable investigation which must correct the inaccurate or incomplete information or delete the account if it is found to contain inaccurate or incomplete information or cannot be verified for accuracy. If the CRA can't figure it out on its own, it has to completely notify the creditor or "furnisher" of the information so that the furnisher can conduct its own investigation into the consumer's dispute and report back to the CRA. If after that investigation, the information is still inaccurate or incomplete, or if it can't be verified, the CRA must delete such information or update the information.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

16. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

17. Plaintiff, Salman Gill (hereinafter "Plaintiff"), is a natural person.

18. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. Defendant Equifax is a foreign corporation and is a "person" as defined by 15 U.S.C. § 1681a(b).

20. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company formed in Delaware and registered to do business in the State of Pennsylvania.

21. Equifax's principal office address is 1550 Peachtree St NW, Atlanta, GA 30309

22. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

23. Defendant Equifax is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f), regularly conducting business within jurisdiction.

## FACTUAL ALLEGATIONS

24. Consumer reporting plays a critical role in modern financial life.

25. Individuals like Plaintiff have no meaningful control or prevent companies such as Equifax collect and disseminate information about them to other companies typically known as "Subscribers" of credit reports.

26. Subscribers are often referred to as "Furnishers" because, under the core terms of the "Subscriber Agreement" with consumer reporting agencies (CRAs), their responsibilities extend beyond merely purchasing consumer information. They are

also obligated to supply the CRA with the same categories of data regarding all consumers with whom they engage in business. This continuous furnishing of information is the mechanism by which CRAs acquire personal data and generate ongoing revenue.

27. Given this reality, Plaintiff is entitled to expect that any information reported is accurate, complete, and fairly represents his credit history.

28. Equifax is prohibited from reporting information that is false or misleading, including incomplete entries.

29. Because inaccurate information can significantly impair an individual's ability to obtain loans, employment, housing, and security clearances, the integrity of credit reports is of paramount importance.

30. Plaintiff, like all other consumers in America, has no choice about whether private, for-profit companies like Defendant Equifax collect and sell information about them to "users" of credit reports.[1]

**The Dispute Method of Correcting False/Incomplete Information Under The FCRA**

31. The FCRA allows consumers to dispute inaccurate, incomplete, or unverified information in their consumer reports, ensuring the integrity and fairness of the credit reporting system.

[1] There are some technical differences in consumer reports and consumer disclosures but in this Complaint Plaintiff will use the common industry term of "credit report" which is also used in the official site to pull your free reports at www.AnnualCreditReport.com that the Federal Government forced the three credit bureaus -- Innovis, Equifax, and Trans Union – to set up for consumers.

32. When a consumer identifies such errors, they may initiate a dispute directly with the consumer reporting agency (CRA), such as Equifax. Disputes can be made through multiple channels — including by mail, online platforms, by telephone, or via fax.

33. The CRA, such as Equifax, is legally obligated to conduct a reasonable reinvestigation itself to determine whether the disputed information is accurate.

34. As part of this process, Defendant Equifax must also promptly notify the furnisher(s) of the consumer's dispute within the time limits set forth as by FCRA under 15 U.S.C. § 1681i(a)(2)(A).

35. If the information is found to be inaccurate, incomplete, or unverifiable, Defendant Equifax must correct the account or delete it from the consumer's file.

36. Failure to conduct a proper investigation or to correct erroneous information violates multiple provisions of the FCRA.

**April 2025 Consumer Disclosure**

37. On or about April 23rd, 2025, Plaintiff requested a copy of his consumer credit disclosure from Equifax.

38. Pursuant to 15 USC 1681g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his request, with the limited exception that his Social Security Number could be truncated upon request.

39. Equifax provided an electronic copy of Plaintiff's consumer disclosure via annualcreditreport.com.

**Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History**

40. Equifax omitted the full account numbers, missing account information and payment history relating to the Capital One Bank USA NA, First CommonWealth FCU, First Premier, Capital One Auto Finance, Westlake Service Inc, Portfolio Recovery Assoc, LVNV Funding LLC (3), and Jefferson Capital LLC and making matters worse and even more confusing to the Plaintiff.

41. Upon information and belief, the data furnisher reported the full account numbers, missing account information, and payment history belonging to their respective accounts to Equifax.

42. This information was contained within Equifax's file regarding Plaintiff at the time of his request.

43. When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and payment history are included in their reports.

44. Equifax demonstrates their ability to comply with 15 USC 1681g(a) when it reports the information to third parties accurately and completely.

45. Equifax breached its duty to Plaintiff having to disclose ALL of the information regarding the Plaintiff accounts by failing to provide the account numbers, missing account information, and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his file.

46. Without access to this information, a consumer is left either trying to piece things together like a detective or blindly guessing whether their report is accurate.

47. Upon information and belief, the data furnishers referenced above reported full account numbers, incomplete account details, and payment histories to Experian, and this information was part of Equifax's file on Plaintiff at the time he requested his consumer disclosure.

48. Due to widespread systemic issues, Equifax's automated systems routinely omit all but the last two or four digits of account numbers reported by data furnishers.

49. Equifax is aware of this issue but has failed to take any meaningful steps to correct it.

50. Equifax's failure to disclose full account numbers violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2492006, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

51. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g.,

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff would have acted on the received information. Therefore, Article III requirement of injury-in-fact [was] satisfied.

52. The lack of accurate and complete account numbers caused Plaintiff significant frustration and emotional distress as he attempted to understand his credit report and reconcile it with his own records.

53. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000, "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear'_ disclosure of all information "in the file". ***See Exhibit B***.

54. Equifax's omission the full account numbers severely hinders a consumer's ability to comprehend their credit disclosure, identify the accounts, and accurately match them to their personal records.

55. Upon information and belief, Equifax disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

56. Upon information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

57. Upon information and belief www.annualcreditreport.com is the location where majority of consumers obtain their Equifax credit disclosure.

58. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and incomplete payment history.

59. Thus, every consumer with accounts appearing with incomplete information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began received an incomplete consumer disclosure with the same errors as Plaintiff.

60. Equifax's errors has therefore likely affected thousands of consumers.

61. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

62. Equifax's knowing and repeated conduct warrants an award of punitive damages.

63. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

64. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j

65. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

**Plaintiff Disputed Errors but the False/Incomplete Information on the Accounts Was Not Corrected or Deleted by Defendant Equifax**

66. On or about April 23, 2025, Plaintiff sent to Defendant Equifax a written dispute letter related to the Accounts.

67. The Accounts were clearly described and identified.

68. Plaintiff's disputes to Defendant Equifax included a copy of Plaintiff's valid Government Identification with a date of birth.

69. Plaintiff's disputes to Defendant Equifax included a copy of Plaintiff's valid Proof of Address.

70. Plaintiff's disputes to Defendant Equifax included a copy of Defendant Equifax's own credit report about Plaintiff with a unique "Report Number" of the credit report that Defendant Equifax produced.

71. It is unclear from Defendant Equifax's response if it notified the furnishers of the Accounts, Plaintiff has contended that Defendant Equifax failed to properly notify the furnishers; the details will come out in the deposition and written discovery of Defendant Equifax.

**The Accounts at Issue**

72. Rather than correcting or removing the erroneous data, Equifax continued to report the inaccurate and misleading information.

73. Plaintiff disputed a number of accounts on Plaintiff's Equifax credit report, especially including those listed below.

74. These accounts will be referred to as "Accounts" in this Complaint:

a. Capital One Bank USA NA *3049;

b. First CommonWealth FCU *0089;

c. First Premier *1552;

d. Capital One Auto Finance *1001; and

e. Westlake Service Inc *49.

**Equifax's Failure to Properly Investigate**

75. Equifax's investigations were negligently, recklessly, and willfully deficient as required under the FCRA and thereby refused to correct and/or delete the incorrect and/or incomplete personal information of Plaintiff.

76. Despite describing the Accounts in detail with errors described in detail showing in words and in markings on the credit report pages (included with the dispute letter), Equifax failed to perform even a cursory review of the dispute.

77. Had Equifax conducted a reasonable investigation, the erroneous data would have been corrected or removed.

78. Defendant Equifax has allowed users to access Plaintiff's credit reports before the dispute, during the dispute time period, and even after the investigations (if any) by Defendant Equifax were concluded.

79. Defendant Equifax refused not only to properly investigate under Section 1681i but also refused to remove the Accounts under Section 1681e(b) which is the maximum possible accuracy Section of the FCRA.

80. The FCRA prohibits Accounts with inaccurate, incomplete, unverifiable, or contradictory information from remaining on credit reports, similar to how obsolete accounts, even if owned by consumers, are prohibited after the allowed time period.

81. Certainly, after Plaintiff notified Defendant Equifax, it knew the Accounts should not and could not remain on Plaintiff's credit reports unless corrected.

82. Defendant Equifax, knowingly, allowed inaccurate, incomplete, unverifiable, and contradictory accounts on the Plaintiff's credit reports, creating misleading information that would likely mislead users into believing the Accounts were properly reported. These Accounts were legally required to be deleted, but Equifax allowed them to remain on the Plaintiff's credit reports.

**Defendant Equifax Refused to Provide Plaintiff with a Full File Disclosure as Required by Section 1681g of the FCRA**

83. Plaintiff requested a full file disclosure pursuant to Section 1681g of the FCRA from Defendant Equifax.

84. Plaintiff upon information and belief, has not received all of Defendant's credit files or all of the information contained in those credit files.

85. Defendant Equifax knows that a full file disclosure is more than what is provided in a consumer report or a credit report – it is all the information the credit bureau has on the consumer.

86. Defendant Equifax refused to give this to Plaintiff.

87. The law is very simple under Section 1681g - provide everything to Plaintiff that is in Plaintiff's file.

88. Defendant Equifax refused to provide all the data contained in its files.

89. As one simple example, there are numerous accounts with missing data, even though Defendant Equifax has this data.

90. Defendant Equifax has denied Plaintiff access to all of the information in Plaintiff's file that is obligated to be given to Plaintiff in accordance with Section 1681g.

91. Plaintiff is therefore unable to monitor the disclosure of credit information to third parties for errors or inaccuracies and unable to compare the information provided with Plaintiff's own records and statements.

**Equifax Refused to Accept Plaintiff's Consumer Statement as Required by Section 1681i**

92. Pursuant to his right under the FCRA Sections 1681i(a)(6)(b)(iv) and 1681i(b), Plaintiff asked Defendant Equifax to please include Plaintiff's 100-word statement in Plaintiff's credit report with respect to each of the disputed accounts.

93. Defendant Equifax did not include Plaintiff's 100-word statement in Plaintiff's credit report with respect to each of the disputed accounts.

94. Defendant Equifax has no right to refuse to do this as Plaintiff met the requirements under Section 1681i.

95. The defendant Equifax declined to provide the plaintiff with an explanation of the reason behind the defendant's illegal actions.

**Equifax Refused to Provide Plaintiff with the Method of Verification and/or Description of Procedure Used to Determine Accuracy and Completeness as Required by Section 1681i.**

96. Pursuant to his right under the FCRA Section 1681i(a)(7), Plaintiff asked Defendant Equifax to please provide a description of the procedure used to determine the accuracy and completeness of the information of the information in Plaintiff's report.

97. Defendant Equifax declined to do so.

98. Since Plaintiff complied with Section 1681i criteria, Defendant Equifax has no authority to refuse to accomplish this.

99. Defendant Equifax declined to provide Plaintiff with an explanation of the reason behind this type of legal violation.

**Plaintiff's Damages as a Result of Defendant Equifax's Actions**

100. As a result of Defendant Equifax' actions, omissions, and inaction, Plaintiff suffered actual damages including anxiety, emotional distress, anguish, humiliation, embarrassment, mental and emotional pain, as well as physical manifestations of these emotional states, economic losses such as; diminished creditworthiness, loss of ability to purchase and benefit from credit, increased costs for credit and abusive invasions of personal privacy.

101. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

102. Every action (and inaction) made by any of Defendant Equifax's employees or agents was taken within the parameters of their respective employment or agency relationships.

## CLAIMS FOR RELIEFS

## COUNT I
## VIOLATIONS OF THE FCRA
## 15 U.S.C §1681e(b)

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. Plaintiff alleges that at all relevant times Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

105. The same is true about the inaccurate and/or incomplete personal information of Plaintiff.

106. Before, during, and after the dispute and any investigation, users of Plaintiff's credit reports routinely accessed Plaintiff's credit reports from Defendant Equifax.

107. Because Defendant Equifax refused to make the Accounts accurate and complete or to remove them, these users were able to get copies of Plaintiff's credit reports that contained inaccurate, incomplete, and unverified information about the Accounts.

108. Plaintiff notified Defendant Equifax directly of a dispute on the Accounts' completeness and accuracy.

109. All actions taken by Defendant Equifax were done with negligence.

110. Defendant Equifax committed all of its acts willfully, maliciously, and with the intent to cause harm to Plaintiff, knowing that its actions would likely cause

Plaintiff harm, violating the FCRA, or knowing or should have known that its actions were in reckless disregard of the FCRA.

111. All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

112. All the activities of Defendant Equifax have directly resulted in past and future financial losses for Plaintiff, harm to Plaintiff's credit and creditworthiness, mental and emotional distress for Plaintiff, and other damages that will be brought before the trier of fact.

113. Defendant's conduct was willful, rendering Defendant Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**COUNT II**
**VIOLATIONS OF THE FCRA**
**15 U.S.C § 1681g(a)**

114. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

115. Defendant Equifax violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of Plaintiff's request for that information.

116. Defendant Equifax committed all of its acts willfully, maliciously, and with the intent to cause harm to Plaintiff, knowing that its actions would likely cause Plaintiff harm, violating the FCRA, or knowing or should have known that its actions were in reckless disregard of the FCRA.

117. All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

118. All the activities of Defendant Equifax have directly resulted in past and future financial losses for Plaintiff, harm to Plaintiff's credit and creditworthiness, mental and emotional distress for Plaintiff, and other damages that will be brought before the trier of fact.

119. Defendant's conduct was willful, rendering Defendant Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**COUNT III**
**VIOLATIONS OF THE FCRA**
**15 U.S.C § 1681i**

120. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

121. Plaintiff notified Defendant Equifax directly of a dispute on the Accounts' completeness and accuracy.

122. Defendant Equifax did not properly notify the furnishers of the Accounts of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

123. According to a number of sources, including the CFPB, Plaintiff, Defendant Equifax's internal documents and research, and additional sources that will be revealed during discovery, Defendant Equifax knew the furnishers of the Accounts were untrustworthy.

124. Defendant Equifax repeatedly violated 15 U.S.C. § 1681i by neglecting to carry out a reasonable reinvestigation to ascertain whether the disputed information is incomplete or inaccurate and by neglecting to either remove the item from the Plaintiff's credit files or correct the incomplete or inaccurate information.

125. Following investigation (if any) conducted by Defendant Equifax, users of Plaintiff's credit reports were able to receive Plaintiff's credit reports from Defendant Equifax.

126. Due to Defendant Equifax's refusal to amend or remove the Accounts, these users were able to obtain copies of Plaintiff's credit reports that contained inaccurate, lacking, and unconfirmed information about the Accounts.

127. Plaintiff alleges that Defendant Equifax failed to conduct a proper and lawful reinvestigation.

128. Defendant Equifax made the disputed information even more inaccurate and/or incomplete instead of increasing the accuracy and completeness of it.

129. The same is true about the inaccurate and/or incomplete personal information of Plaintiff.

130. Defendant Equifax refused to add Plaintiff's consumer statement to Plaintiff's file, violating 15 U.S.C. § 1681i.

131. Defendant Equifax refused to provide the method of verification which Plaintiff requested, violating 15 U.S.C. § 1681i.

132. Defendant Equifax committed all of its acts willfully, maliciously, and with the intent to cause harm to Plaintiff, knowing that its actions would likely cause Plaintiff

harm, violating the FCRA, or knowing or should have known that its actions were in reckless disregard of the FCRA.

133. All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

134. All the activities of Defendant Equifax have directly resulted in past and future financial losses for Plaintiff, harm to Plaintiff's credit and creditworthiness, mental and emotional distress for Plaintiff, and other damages that will be brought before the trier of fact.

135. Defendant's conduct was willful, rendering Defendant Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA;

B. Actual Damages;

C. Statutory damages;

D. Costs and fees pursuant to 15 U.S.C. § 1681n and 1681o;

E. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**Salman Gill**
1206 Hellerman St
Philadelphia, PA 19111
Salman.517gill@gmail.com
(215) 917-7606

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SALMAN GILL,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES, LLC.,**<br><br>Defendant. | )<br>)<br>) **CASE NO.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF DECLARATION IN SUPPORT OF COMPLAINT AND EXHIBITS**

I, **SALMAN GILL,** declare as follows:

1. I am the Plaintiff in this action and over the age of eighteen (18). I have personal knowledge of the facts stated in this Declaration and, if called to testify, I could and would do so competently and truthfully.
2. I submit this Declaration in support of my Complaint and the attached Exhibits.
3. Exhibit B is a true and accurate copy of the FTC Opinion Letter available at: https://www.ftc.gov/legal-library/browse/advisory-opinions/advisory-opinion-darcy-06-30-00.
4. Exhibit A is a true and accurate copy of my dispute letter I sent to Equifax.
5. Exhibit A is a true and accurate copy of the "Know Your Rights" section of my consumer disclosure, along with the complete disclosure.

6. Exhibit A also includes a true and accurate copy of the consumer disclosure reflecting truncated and incomplete account and payment history, as well as missing account number information.
7. Exhibit C is a true and accurate copy of the incomplete data from the consumer disclosure, showing the same truncated and incomplete account and payment history and omitted account number information.
8. When I requested my consumer disclosure from Equifax on April 23rd, 2025, I expected to receive my complete file containing all information Equifax maintained on me. Equifax failed to provide this information as requested.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 13th, day of August 2025.

____________________________

**SALMAN GILL,**

**EXHIBIT C**

**SALMAN GILL**

**EQUIFAX Credit Report**

**Date: Apr 23, 2025**

**Confirmation # 5613721694**

**INCOMPLETE INFORMATION FROM THE CONSUMER DISCLOSURE**

**TRADELINE: CAPITAL ONE BANK USA NA**

**In the Credit Account Section:** Account number *3049 is incomplete, High Credit is incomplete, Amount Past Due is incomplete, Actual Payment Amount IS incomplete, Date of Last Activity is incomplete, Deferred Payment Start Date is incomplete, Term Duration is incomplete, Scheduled Payment Amount is incomplete

**In the Payment History Section**: March 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** March 2023 - April 2023 is incomplete, March 2025 - May 2025 is incomplete

**Scheduled Payment Amount:** March 2023 - April 2023 is incomplete, February 2024 - December is incomplete, January 2025 - May 2025 is incomplete

**Actual Payment Amount:** March 2023 - December 2023 is incomplete, January 2024 - December is incomplete, January 2025 - May 2025 is incomplete

**Past Due Amount:** March 2023 - December 2023 is incomplete, January 2024 -December is incomplete, January 2025 - May 2025 is incomplete

**No. of Items: 91**

**TRADELINE: FIRST COMMONWEALTH FCU**

**In the Credit Account Section:** Account number 0089 is incomplete, High Credit is incomplete, Actual Payment Amount is incomplete, Date of Last Activity is incomplete, Term Duration is incomplete, Scheduled Payment Amount is incomplete

**In the Payment History Section:** September 2023 is incomplete, May 2025 - June is incomplete

**In the 24 Month History Section**

**Balance:** April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: April 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - December 2023 is incomplete, January 2024 - December 2024 is incomplete, January 2025 -May 2025 is incomplete

**Actual Payment Amount:** April 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - December 2023 is incomplete, January 2024 - December 2024 is incomplete, January 2025 -May 2025 is incomplete

**Past Due Amount:** January 2025 -May 2025 is incomplete

**No. of Items: 114**

**TRADELINE: FIRST PREMIER**

**In the Credit Account Section:** Account number 1552 is incomplete, High Credit is incomplete, Actual Payment Amount is incomplete, Date of Last Activity is incomplete, Activity Designator is incomplete, Deferred Payment Start Date is incomplete, Term Duration is incomplete, Scheduled Payment Amount is incomplete

**In the Payment History Section:** March 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** March 2023 is incomplete, April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: March 2023 is incomplete, January 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Actual Payment Amount:** March 2023 is incomplete, May 2023 is incomplete, January 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Past Due Amount:** March 2023 - May 2023 is incomplete, April 2025 - May 2025 is incomplete

**No. of Items: 50**

**TRADELINE: CAPITAL ONE AUTO FINANCE**

**In the Credit Account Section:** Account number 1001 is incomplete, Credit Limit is incomplete, Actual Payment Amount is incomplete, Date of Last Activity is incomplete, Scheduled Payment Amount is incomplete

**In the Payment History Section:** March 2023 is incomplete, March 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** March 2023 is incomplete, April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: April 2025 - May 2025 is incomplete

**Actual Payment Amount:** March 2023 - May 2023 is incomplete, August 2023 is incomplete, November 2023 is incomplete, July 2024 is incomplete, October 2024 - December 2024 is incomplete, January 2025 - May 2025 is incomplete

**Past Due Amount:** March 2023 - July 2023 is incomplete, March 2024 - June 2024 is incomplete, August 2024 - October 2024 is incomplete, April 2025 - May 2025 is incomplete

**No. of Items: 43**

**TRADELINE: WESTLAKE SERVICE INC**

**In the Credit Account Section:** Account number 49 is incomplete, Available Credit is incomplete, High Credit is incomplete, Amount Past Due is incomplete, Term Duration is incomplete, Date of Last Activity is incomplete, Deferred Payment Start Date is incomplete, Balloon Payment Date is incomplete, Balloon Payment Amount is incomplete, Date Closed is incomplete

**In the Payment History Section:** July 2018 - December 2018 is incomplete, January 2019 - April 2019 is incomplete, December 2020 is incomplete, January 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - December 2023 is incomplete, January 2024 - December 2024 is incomplete, January 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** No data

**Scheduled Payment Amount**: No data

**Actual Payment Amount:** No data

**Past Due Amount:** No data

**No. of Items: 73**

**TRADELINE: PORTFOLIO RECOVERY ASSOC**

**In the Credit Account Section:** Account number 9224 is incomplete, Available Credit is incomplete, Credit Limit is incomplete, Term Duration is incomplete

**In the Payment History Section:** February 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - March 2023 is incomplete, April 2025 -May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** February 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - March 2023 is incomplete, April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: February 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - December 2023 is incomplete, January 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Actual Payment Amount:** February 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - December 2023 is incomplete, January 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Past Due Amount:** February 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - March 2023 is incomplete, January 2024 -December 2024 is incomplete, April 2025 - May 2025 is incomplete

**No. of Items: 198**

**TRADELINE: LVNV FUNDING LLC**

**In the Credit Account Section:** Account number 6289 is incomplete, Available Credit is incomplete, Actual Payment Amount is incomplete, Date of Last Activity is incomplete, Activity Designator is incomplete, Deferred Payment Start Date is incomplete, Balloon Payment Date is incomplete, Term Duration is incomplete, Date of Last Payment is incomplete, Scheduled Payment Amount is incomplete, Charge Off Amount is incomplete, Balloon Payment Amount is incomplete

**In the Payment History Section:** February 2024 -April 2024 is incomplete, June 2024 is incomplete, April 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** February 2024 - December 2024 is incomplete, April 2025 -May 2025 is incomplete

**Scheduled Payment Amount**: February 2024 - December 2024 is incomplete, January 2025 - June 2025 is incomplete

**Actual Payment Amount:** February 2024 - December 2024 is incomplete, April 2025 -May 2025 is incomplete

**Past Due Amount:** February 2024 - May 2024 is incomplete, April 2025 -May 2025 is incomplete

**No. of Items: 57**

**TRADELINE: LVNV FUNDING LLC**

**In the Credit Account Section:** Account number 0480 is incomplete, Available Credit is incomplete, Credit Limit is incomplete, Actual Payment Amount is incomplete, Date of Last Activity is incomplete, Activity Designator is incomplete, Deferred Payment Start Date is incomplete, Term Duration is incomplete, Date of Last Payment is incomplete, Scheduled Payment Amount is incomplete, Charge Off Amount is incomplete

**In the Payment History Section:** November 2023 -December 2023 is incomplete, April 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** November 2023 -December 2023 is incomplete, January 2024 is incomplete, April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: November 2023 -December 2023 is incomplete, January 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Actual Payment Amount:** November 2023 -December 2023 is incomplete, January 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Past Due Amount:** November 2023 -December 2023 is incomplete, January 2024 is incomplete, April 2025 - May 2025 is incomplete

**No. of Items: 57**

**TRADELINE: LVNV FUNDING LLC**

**In the Credit Account Section:** Account number 3311 is incomplete, Actual Payment Amount Date is incomplete, Date of Last Activity is incomplete, Term Duration is incomplete, Date of Last Payment is incomplete, Scheduled Payment Amount is incomplete

**In the Payment History Section:** February 2020 - December 2020 is incomplete, January 2021 - April 2021 is incomplete, July 2021 - December 2021 is incomplete, January 2022 - December 2022 is incomplete, January 2023 - March 2023 is incomplete, June 2024 is incomplete, April 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** February 2023- April 2023 is incomplete, April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: February 2020 - December 2020 is incomplete, January 2021- December 2021 is incomplete, January 2022- December 2022 is incomplete, January 2023- December 2023 is incomplete, April 2025 -May 2025 is incomplete

**Actual Payment Amount**: February 2020 - December 2020 is incomplete, January 2021- December 2021 is incomplete, January 2022- December 2022 is incomplete, January 2023- December 2023 is incomplete, April 2025 -May 2025 is incomplete

**Past Due Amount:** February 2020 - December 2020 is incomplete, January 2021- December 2021 is incomplete, January 2022- December 2022 is incomplete, January 2023- April 2023 is incomplete, April 2025 -May 2025 is incomplete

**No. of Items: 189**

**TRADELINE: JEFFERSON CAPITAL LLC**

**In the Credit Account Section:** Account number *0926 is incomplete, Available Credit is incomplete, Credit Limit is incomplete, Actual Payment Amount is incomplete, Date of Last Activity is incomplete, Activity Designator is incomplete, Deferred Payment Start Date is incomplete, Balloon Payment Date is incomplete, Term Duration is incomplete, Date of Last Payment is incomplete, Scheduled Payment Amount is incomplete, Charge Off Amount is incomplete, Balloon Payment Amount is incomplete

**In the Payment History Section:** June 2024 - July 2024 is incomplete, October 2024 is incomplete, February 2025 - May 2025 is incomplete

**In the 24 Month History Section**

**Balance:** June 2024 - September 2024 is incomplete, April 2025 - May 2025 is incomplete

**Scheduled Payment Amount**: June 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Actual Payment Amount:** June 2024 - December 2024 is incomplete, April 2025 - May 2025 is incomplete

**Past Due Amount:** June 2024 - September 2024 is incomplete, April 2025 - May 2025 is incomplete

**No. of Items: 47**

**Total Numbers of Incomplete of Information: 919**

**EXHIBIT B**
**FTC OPINION LETTER**

**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

# EXHIBIT A - REDACTED DISPUTE LETTER

May 29, 2025

Equifax Information Services, LLC
P.O. Box 740241
Atlanta, GA 30374

Dear Sir or Madam,

I require my complete file disclosure, and you must only report details about me that are 100% true and complete. I do not want you to report anything incomplete, inaccurate or inconsistent.

I have reviewed my Equifax credit report which I have obtained from your credit reporting agency and the **Equifax Report Confirmation Number is 5613721694** I have found out that in my credit report there is some information which is incomplete, inaccurate or inconsistent.

I am disputing the information which I believe is not true or incomplete, inaccurate or inconsistent information you have on my credit report and I want you to investigate inaccurate, incomplete, not authenticated or no longer valid information related to my personal information. This will ensure that you maintain only accurate information about me, reducing the likelihood of identity theft or a mixed file. I appreciate your efforts to retain the following correct details on my record:

The information listed below is the only accurate personal data you should have on record. Please delete any other information.

My **Name**: Salman Gill
My **Date of Birth**: 12/20/1997
[redacted]
My **Correct Address**: 1206 Hellerman St Philadelphia PA 19111
My **Phone Number**: (215) 917-7606

I am requesting that you and the furnishers conduct a thorough investigation of the accounts I am disputing. Please forward a copy of this letter to each furnisher and ensure that both you and the furnishers comply with the law by performing a proper investigation. I am not asking for this request to be ignored or for you to send generic responses. I take the accuracy of my credit reports seriously, and it is essential that all information is correct, complete, and fully verified. My reports contain contradictory, incomplete, and incorrect information that cannot be verified. Whether these errors come from the furnishers providing inaccurate data or from your reporting, it is now your responsibility to fix them. To assist your review, I have included marked-up copies of my credit reports, clearly highlighting the disputed items with brief explanations. These errors should be obvious to both you and the furnishers. I expect every account to be 100% accurate, complete, and verifiable. Any account that does not meet these standards must be deleted immediately.

I am requesting a **thorough and proper investigation** of **every account** listed below, including **each error** or **missing data** I point out in this letter and the marked-up pages of my credit report. I will clearly identify each account and specify what I believe is wrong.

You will find **incomplete**, **contradictory**, and **inaccurate** information—each of which must be corrected. If you cannot make the information **100% accurate, complete, and verifiable**, the entire account must be deleted.

For your convenience, I have included **all relevant pages** from my credit report to help you identify the accounts and errors. Additionally, as you investigate, if you find any other inaccurate, incomplete, or unverifiable information, I expect you to correct or delete it.

I also request a **full file disclosure**—do not withhold any information. For your reference, I have enclosed my **proof of address, ID**, **SSN** and **marked-up pages** from my credit report.

After completing your investigation, please provide me with the results and a full copy of my file, including all information you have on me. This should include all inquiries (both hard and soft pulls) with their purpose and copies of certifications from users of my report. As required under **FCRA §1681g**, disclose all sources of information and identify anyone who accessed my report. Additionally, under **FCRA §1681i**, provide a description of the procedures used to investigate each disputed account, including the business name, address, and phone number of any furnisher contacted.

For each account I have disputed, please include my 100-word "Consumer Statement" on any account you do not delete.

I am deeply frustrated with the inaccuracies and inconsistencies related to this account. The information is incorrect, incomplete, and does not belong to me. Despite submitting a detailed dispute, Equifax has refused to correct or delete the errors. This account is outdated and misrepresents my credit history and financial standing.

I urge anyone reviewing my report to disregard this account, as it does not accurately reflect my creditworthiness. I am committed to ensuring my report is fair, accurate, and complete.

Please do not ignore this letter or refuse to conduct a thorough investigation. Under *Section **1681i(a)*** of the Fair Credit Reporting Act, you are required to investigate disputed information and ensure that only 100% accurate, verifiable, and complete information is reported. Any information that is inaccurate, incomplete, or cannot be verified must be promptly deleted from my file. I have enclosed my **proof of address, ID**, **SSN** and **marked-up pages** from my credit report.

I am sending this letter personally, not through a credit repair company. I am using a certified digital mailing service for convenience, so please do not reject it due to the postmark location.

I request a thorough investigation of the disputed items and a complete file disclosure, as required by law.

I have included proof of my identity, pages from my **Equifax Report Confirmation (No. 5613721694)**, and my signature. If you have any concerns about its authenticity, feel free to contact me via email.

Thank you.

Salman Gill
DOB: 12/20/1997
[redacted]
1206 Hellerman St Philadelphia PA 19111
(215) 917-7606

---

**Account Name:** CAPITAL ONE BANK USA NA
**Account Number:** xxxxxxxxxxxx 3049
**Status:** CHARGE_OFF
**Balance:** $0
**Date Opened:** Mar 04, 2023
**Account Type:** REVOLVING

You say the account is Closed but under Account Details the Date Closed is blank. Which is correct? If the account is closed, what is the date? Make my account accurate and complete or delete the account.

The Creditor Classification for this account is Unknown. Why don't you know what kind of creditor is associated with this account?

Under the Account Details, the Scheduled Payment Amount is blank. Why does it say that the Scheduled Payment Amount for this account is blank? How can that be true? If it's a Charge off account, then the Scheduled Payment Amount must be $0, correct? Make my account accurate and complete or delete the account.

There is a Date of Last Payment (Jun 2023) listed on my account, but the Actual Payment Amount is blank, which makes no sense.

The Date Reported (Mar 18, 2025) is showing No Data Available in Payment History for This Account. Why is that? Make my account accurate and complete or delete the account.

You have nothing listed for the High Credit. How is that possible? Isn't the High Credit the highest amount owed on this account? It would seem it must be more than zero, right? Do you know what the amount is? Make this complete and accurate or delete this account.

There is a Credit Limit ($300) on this account even though it is listed as CHARGE OFF and CLOSED.

My account shows an Available Credit of $300. Why does an account that has been CHARGED OFF and CLOSED continue to reflect available credit?

The Months Reviewed (24) listed in Account Details does not match with the number of months reviewed in the Payment History Chart (23).

The Activity Designator for this account does not match the data in the Activity Designator chart. The Activity Designator is TRANSFER_OR_SOLD but the Activity Designator chart says Missing.

The Account Balance ($0) does not match what's showing in the Balance Section of Account History ($533).

There is missing data in the charts for this account.

- The Balance chart for 2023 is missing data for April.
- The Balance chart for 2025 is missing data for March.
- The Scheduled Payment chart for 2023 is missing data for April.
- The Scheduled Payment chart for 2024 is missing data for February, March, April, May, June, July, August, September, October, November and December.
- The Scheduled Payment chart for 2025 is missing data for January, February and March.
- The Available Credit, Actual Payment, High Credit and Activity Designator chart for 2023 is missing data for April, May, June, July, August, September, October, November and December.
- The Available Credit, Actual Payment, High Credit and Activity Designator chart for 2024 is missing data for January through December.
- The Available Credit, Actual Payment, High Credit and Activity Designator chart for 2025 is missing data for January, February and March.
- The Credit Limit chart for 2023 is missing data for April, May and June.
- The Credit Limit chart for 2025 is missing data for March.
- The Amount Past Due chart for 2023 is missing data for April, May, June, July and August.
- The Amount Past Due chart for 2025 is missing data for March.
- The Payment History chart for 2024 is missing data for January.
- The Payment History chart for 2025 is missing data for March.

---

**Account Name:** FIRST COMMONWEALTH FCU
**Account Number:** xxxxxxx 0089
**Status:** CHARGE_OFF
**Balance:** $108
**Date Opened:** Apr 21, 2021

**Account Type:** REVOLVING

You say the account is Closed but under Account Details the Date Closed is blank. Which is correct? If the account is closed, what is the date? Make my account accurate and complete or delete the account.

The Creditor Classification for this account is Unknown. Why don't you know what kind of creditor is associated with this account?

Under the Account Details, the Scheduled Payment Amount is blank. Why does it say that the Scheduled Payment Amount for this account is blank? How can that be true? If it's a Charge off account, then the Scheduled Payment Amount must be $0, correct? Make my account accurate and complete or delete the account.

There is a Date of Last Payment (May 2022) listed on my account, but the Actual Payment Amount is blank, which makes no sense.

The Date Reported (Mar 31, 2025) is showing No Data Available in Payment History for This Account. Why is that? Make my account accurate and complete or delete the account.

You have nothing listed for the High Credit. How is that possible? Isn't the High Credit the highest amount owed on this account? It would seem it must be more than zero, right? Do you know what the amount is? Make this complete and accurate or delete this account.

There is a Credit Limit ($500) on this account even though it is listed as CHARGE OFF and CLOSED.

My account shows an Available Credit of $392. Why does an account that has been CHARGED OFF and CLOSED continue to reflect available credit?

There is missing data in the charts for this account.

- The Available Credit, Scheduled Payment, Actual Payment, High Cred and Activity Designator chart for 2023 is missing data for April, May, June, July, August, September, October, November and December.

- The Available Credit, Scheduled Payment, Actual Payment, High Credit and Activity Designator chart for 2024 is missing data for January through December.

- The Available Credit, Scheduled Payment, Actual Payment, High Credit and Activity Designator chart for 2024 is missing data for January, February and March.

- The Payment History chart for 2025 is missing data for March.

---

**Account Name:** FIRST PREMIER
**Account Number:** xxxxxxxxxxxx 1552
**Status:** CHARGE_OFF
**Balance:** $477
**Date Opened:** Mar 15, 2023
**Account Type:** REVOLVING

You say the account is Closed but under Account Details the Date Closed is blank. Which is correct? If the account is closed, what is the date? Make my account accurate and complete or delete the account.

The Creditor Classification for this account is Unknown. Why don't you know what kind of creditor is associated with this account?

Under the Account Details, the Scheduled Payment Amount is blank. Why does it say that the Scheduled Payment Amount for this account is blank? How can that be true? If it's a Charge off account, then the Scheduled Payment Amount must be $0, correct? Make my account accurate and complete or delete the account.

There is a Date of Last Payment (Jul 2023) listed on my account, but the Actual Payment Amount is blank, which makes no sense. Also, the Payment History does not reflect the Date of Last Payment properly—it says it is No Data Available.

The Date Reported (Mar 02, 2025) is showing No Data Available in Payment History for This Account. Why is that? Make my account accurate and complete or delete the account.

You have nothing listed for the High Credit. How is that possible? Isn't the High Credit the highest amount owed on this account? It would seem it must be more than zero, right? Do you know what the amount is? Make this complete and accurate or delete this account.

There is a Credit Limit ($300) on this account even though it is listed as CHARGE OFF and CLOSED.

My account shows a credit limit of $300, but Available Credit is -$177.

This account has a Negative Available Credit of -$177. How is that possible?

The Date of First Delinquency (Aug 21, 2023) for this account is not listed correctly in the Payment History chart. The Payment History Chart lists the Date of First Delinquency as Paid on Time.

There is missing data in the charts for this account.

- The Scheduled Payment chart for 2024 is missing data for January through December.
- The Scheduled Payment chart for 2025 is missing data for January, February and March.
- The Actual Payment chart for 2023 is missing data for May, June, August, September, October, November and December.
- The Actual Payment chart for 2024 is missing data for January through December.
- The Actual Payment chart for 2025 is missing data for January, February and March.
- The Amount Past Due chart for 2023 is missing data for April, May, July and August.
- The Available Credit, High Cred and Activity Designator chart for 2023 is missing data for April, May, June, July, August, September, October, November and December.

- The Available Credit, High Credit and Activity Designator chart for 2024 is missing data for January through December.

- The Available Credit, High Credit and Activity Designator chart for 2024 is missing data for January, February and March.

- The Payment History chart for 2025 is missing data for March.

---

**Account Name:** CAPITAL ONE AUTO FINANCE
**Account Number:** xxxxxxxxxxxxx 1001
**Status:** REPOSSESSION
**Balance:** $19,141
**Date Opened:** Apr 08, 2023
**Account Type:** INSTALLMENT

You say the account is Closed but under Account Details the Date Closed is blank. Which is correct? If the account is closed, what is the date? Make my account accurate and complete or delete the account.

The Creditor Classification for this account is Unknown. Why don't you know what kind of creditor is associated with this account?

Under the Account Details, the Scheduled Payment Amount is blank. Why does it say that the Scheduled Payment Amount for this account is blank? How can that be true? If it's a Charge off account, then the Scheduled Payment Amount must be $0, correct? Make my account accurate and complete or delete the account.

There is a Date of Last Payment (Sep 2024) listed on my account, but the Actual Payment Amount is blank, which makes no sense.

The Date Reported (Mar 31, 2025) is showing No Data Available in Payment History for This Account. Why is that? Make my account accurate and complete or delete the account.

The number in the High Credit section ($18,203) under Account Details does not match the High Credit chart (Missing) in Account History.

There is missing data in the charts for this account.

- The Scheduled Payment chart for 2025 is missing data for February and March.

- The Actual Payment chart for 2023 is missing data for April, May, August and November.

- The Actual Payment chart for 2024 is missing data for July, October, November and December.

- The Actual Payment chart for 2025 is missing data for January, February and March.

- The Amount Past Due chart for 2023 is missing data for April, May, June and July.

- The Amount Past Due chart for 2024 is missing data for March, April, May, June, August, September and October.

- The High Cred and Activity Designator chart for 2023 is missing data for April, May, June, July, August, September, October, November and December.
- The High Credit and Activity Designator chart for 2024 is missing data for January through December.
- The High Credit and Activity Designator chart for 2024 is missing data for January, February and March.
- The Payment History chart for 2025 is missing data for March.

---

**Account Name:** WESTLAKE SERVICE INC
**Account Number:** xxxxxx 49
**Status:** CHARGE_OFF
**Balance:** $0
**Date Opened:** Jul 07, 2018
**Account Type:** INSTALLMENT

You say the account is Closed but under Account Details the Date Closed is blank. Which is correct? If the account is closed, what is the date? Make my account accurate and complete or delete the account.

The Date Reported (Oct 31, 2021) is showing No Data Available in Payment History for This Account. Why is that? Make my account accurate and complete or delete the account.

The Date Opened (Jul 07, 2018) does not match the Payment History chart (May 2019).

You have nothing listed for the High Credit. How is that possible? Isn't the High Credit the highest amount owed on this account? It would seem it must be more than zero, right? Do you know what the amount is? Make this complete and accurate or delete this account.

The Months Reviewed (31) listed in Account Details does not match with the number of months reviewed in the Payment History Chart (19).

The Activity Designator for this account does not match the data in the Activity Designator chart. The Activity Designator is PAID but the Activity Designator chart is Missing.

The Date of First Delinquency (Jun 2020) for this account is not listed correctly in the Payment History chart. The Payment History Chart lists the Date of First Delinquency as Paid on Time.

There is missing data in the charts for this account.

- The Payment History chart for 2018 is missing data for July, August, September, October, November and December.
- The Payment History chart for 2019 is missing data for January, February, March and April.
- The Payment History chart for 2020 is missing data for December.

- The Payment History chart for 2021 is missing data for January, February, March, April, May, June, July, August, September and October.

There is payment history for this account that makes no sense.

- The Payment History for August 2020 and September 2020 does not make sense. August 2020 says 60 Days late and September 2020 says Charge off. How come I go from 60 days late to Charge off in one month?

---


Pennsylvania
visitPA.com USA
DRIVER'S LICENSE
NOT FOR REAL ID PURPOSES
DUPS: 00
4d DLN: [redacted]
3 DOB: 12/20/1997
1 GILL
2 SALMAN
[redacted]
4b EXP: 12/21/2027
4a ISS: 08/04/2023
15 SEX: M 18 EYES: BRO
16 HGT: 5'-08"
9 CLASS: C
9a END: NONE
12 RESTR: NONE
DL
5 DD: 2321601302502
400000069066


SOCIAL SECURITY
[redacted]
THIS NUMBER HAS BEEN ESTABLISHED FOR
SALMAN
GILL
SIGNATURE
03/22/2016
USA

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
Bureau of Driver Licensing
Mail Date: APRIL 08, 2025

SALMAN GILL
1206 HELLERMAN ST

PHILADELPHIA PA 19111

WID # 250916096360245 001
PROCESSING DATE 04/01/2025
[redacted]
DATE OF BIRTH 12/20/1997

EQUIFAX

# CREDIT REPORT

---

**SALMAN GILL**

**Report Confirmation**

**5613721694**

EQUIFAX

Dear SALMAN GILL:

Thank you for requesting your Equifax credit report. Your credit report contains information received primarily from companies which have granted you credit. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

If there are items you believe to be incorrect, you may

- Initiate an investigation request via the Internet 24 hours a day, 7 days a week at:
  **https://www.equifax.com/personal/credit-report-services/credit-dispute/**
- Please mail the dispute information to:
  **Equifax Information Services LLC**
  **P.O. Box 740241**
  **Atlanta, GA 30374**
- Call us at **866-349-5186**

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

You have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at: **1-877-SCORE-11.**

## 2.2 CAPITAL ONE BANK USA NA (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | xxxxxxxxxxxx 3049 | **Reported Balance** | $0 |
| **Account Status** | CHARGE_OFF | **Available Credit** | $300 |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | $281 | $367 | $297 | $379 | $429 | $480 | $493 | $506 |
| 2024 | $519 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 |
| 2025 | $533 | $533 | | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | $25 | $36 | $25 | $37 | $54 | $55 | $25 | $25 |
| 2024 | $25 | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | $300 | $300 | $300 | $300 | $300 | $300 |
| 2024 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 |

| | | | |
|---|---|---|---|
| 2025 | $300 | $300 | |

## Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | $25 | $62 | $116 | $171 |
| 2024 | $196 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 | $533 |
| 2025 | $533 | $533 | | | | | | | | | | |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | | | | | | | | | | |
| 2024 | | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | | | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 |

✓ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due
150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account
CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| **High Credit** | | **Payment Responsibility** | INDIVIDUAL |
| **Credit Limit** | $300 | **Account Type** | REVOLVING |
| **Terms Frequency** | MONTHLY | **Term Duration** | |
| **Balance** | $0 | **Date Opened** | Mar 04, 2023 |
| **Amount Past Due** | | **Date Reported** | Mar 18, 2025 |
| **Actual Payment Amount** | | **Date of Last Payment** | Jun 2023 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | |
| **Months Reviewed** | 24 | **Delinquency First Reported** | Feb 2024 |
| **Activity Designator** | TRANSFER_OR_SOLD | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | $533 |

| | |
|---|---|
| **Balloon Payment Date** | |
| **Loan Type** | Credit Card |
| **Date of First Delinquency** | Aug 14, 2023 |

| | |
|---|---|
| **Balloon Payment Amount** | |
| **Date Closed** | |

## Comments

Charged off account

Account transferred or sold

Credit card

## Contact

CAPITAL ONE BANK USA NA
PO BOX 31293
Salt Lake City, UT 84131-1293
(800) 955-7070

## 2.4 FIRST COMMONWEALTH FCU (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | xxxxxxx 0089 | **Reported Balance** | $108 |
| **Account Status** | CHARGE_OFF | **Available Credit** | $392 |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 |
| 2024 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 |
| 2025 | $108 | $108 | $108 | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 |
| 2024 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 |

| | | | |
|---|---|---|---|
| 2025 | $500 | $500 | $500 |

## Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 |
| 2024 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 | $108 |
| 2025 | $108 | $108 | $108 | | | | | | | | | |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | 30 | 60 | 90 | 120 | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | No Data Available | No Data Available | No Data Available | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Paid on Time — 30 30 Days Past Due — 60 60 Days Past Due — 90 90 Days Past Due — 120 120 Days Past Due

150 150 Days Past Due — 180 180 Days Past Due — V Voluntary Surrender — F Foreclosure — C Collection Account

CO Charge-Off — B Included in Bankruptcy — R Repossession — TN Too New to Rate — No Data Available

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| **High Credit** | | **Payment Responsibility** | INDIVIDUAL |
| **Credit Limit** | $500 | **Account Type** | REVOLVING |
| **Terms Frequency** | MONTHLY | **Term Duration** | |
| **Balance** | $108 | **Date Opened** | Apr 21, 2021 |
| **Amount Past Due** | $108 | **Date Reported** | Mar 31, 2025 |
| **Actual Payment Amount** | | **Date of Last Payment** | May 2022 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | |
| **Months Reviewed** | 47 | **Delinquency First Reported** | May 2022 |

| | |
|---|---|
| **Activity Designator** | |
| **Deferred Payment Start Date** | |
| **Balloon Payment Date** | |
| **Loan Type** | Secured Credit Card |
| **Date of First Delinquency** | Jan 24, 2022 |

| | |
|---|---|
| **Creditor Classification** | UNKNOWN |
| **Charge Off Amount** | $108 |
| **Balloon Payment Amount** | |
| **Date Closed** | |

## Comments

Charged off account

Secured credit card

Variable/adjustable rate

## Contact

FIRST COMMONWEALTH FCU
450 Union Blvd
Allentown, PA 18109-3228
(610) 821-2400

## 2.5 FIRST PREMIER (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | xxxxxxxxxxxx 1552 | **Reported Balance** | $477 |
| **Account Status** | CHARGE_OFF | **Available Credit** | -$177 |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $47 | $225 | $264 | $251 | $335 | $384 | $435 | $448 | $462 |
| 2024 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 |
| 2025 | $477 | $477 | $477 | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $30 | $30 | $30 | $30 | $30 | $30 | $31 | $32 | $33 |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $30 | | | $214 | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 |
| 2024 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 | $300 |

| | | | |
|---|---|---|---|
| 2025 | $300 | $300 | $300 |

## Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $60 | | | $60 | $90 | $121 | $153 |
| 2024 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 | $477 |
| 2025 | $477 | $477 | $477 | | | | | | | | | |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | No Data Available | No Data Available | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 |

✓ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due

150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account

CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| **High Credit** | | **Payment Responsibility** | INDIVIDUAL |
| **Credit Limit** | $300 | **Account Type** | REVOLVING |
| **Terms Frequency** | UNKNOWN | **Term Duration** | |
| **Balance** | $477 | **Date Opened** | Mar 15, 2023 |
| **Amount Past Due** | $477 | **Date Reported** | Mar 02, 2025 |
| **Actual Payment Amount** | | **Date of Last Payment** | Jul 2023 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | |
| **Months Reviewed** | 24 | **Delinquency First Reported** | Jan 2024 |
| **Activity Designator** | | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | $477 |

| | | | |
|---|---|---|---|
| **Balloon Payment Date** | | **Balloon Payment Amount** | |
| **Loan Type** | Credit Card | **Date Closed** | |
| **Date of First Delinquency** | Aug 21, 2023 | | |

## Comments

Charged off account
Credit card

## Contact

FIRST PREMIER
3820 N Louise Ave
Sioux Falls, SD 57107-0145
(800) 501-6535

# 4. Installment Accounts

Installment accounts are loans that require payment on a monthly basis until the loan is paid off, such as auto or student loans.

## 4.1 CAPITAL ONE AUTO FINANCE (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | xxxxxxxxxxxxx 1001 | **Reported Balance** | $19,141 |
| **Account Status** | REPOSSESSION | **Available Credit** | |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $18,444 | $18,769 | $18,297 | $18,360 | $18,685 | $18,475 | $18,276 | $18,590 | $18,390 |
| 2024 | $18,162 | $17,961 | $17,891 | $17,773 | $17,659 | $17,540 | $17,950 | $17,574 | $17,313 | $17,619 | $17,915 | $18,221 |
| 2025 | $18,528 | $19,141 | $19,141 | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $523 | $523 | $523 | $523 | $523 | $523 | $523 | $523 | $523 |
| 2024 | $523 | $523 | $261 | $261 | $261 | $261 | $261 | $261 | $523 | $523 | $523 | $523 |
| 2025 | $523 | | | | | | | | | | | |

#### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $785 | $523 | | $524 | $523 | | $523 |
| 2024 | $550 | $500 | $261 | $262 | $261 | $261 | | $524 | $523 | | | |
| 2025 | | | | | | | | | | | | |

#### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

## Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | $523 | $523 | $523 | $1,047 | $1,047 |
| 2024 | $1,021 | $1,045 | | | | | $261 | | | | $523 | $1,047 |
| 2025 | $1,571 | $2,095 | $2,619 | | | | | | | | | |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | 90 | R | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available | No Data Available |
| 2024 | 60 | 60 | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | ✓ | 30 | 60 |
| 2023 | No Data Available | No Data Available | No Data Available | ✓ | ✓ | ✓ | ✓ | 30 | 30 | 30 | 60 | 60 |

✓ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due
150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account
CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| **High Credit** | $18,203 | **Payment Responsibility** | INDIVIDUAL |
| **Credit Limit** | | **Account Type** | INSTALLMENT |
| **Terms Frequency** | MONTHLY | **Term Duration** | 60 MONTHS |
| **Balance** | $19,141 | **Date Opened** | Apr 08, 2023 |
| **Amount Past Due** | $2,619 | **Date Reported** | Mar 31, 2025 |
| **Actual Payment Amount** | | **Date of Last Payment** | Sep 2024 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | |

| | | | |
|---|---|---|---|
| **Months Reviewed** | 23 | **Delinquency First Reported** | Feb 2025 |
| **Activity Designator** | | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | |
| **Balloon Payment Date** | | **Balloon Payment Amount** | |
| **Loan Type** | Auto | **Date Closed** | |
| **Date of First Delinquency** | Nov 07, 2024 | | |

## Comments

Involuntary repossession

Auto

Fixed rate

## Contact

CAPITAL ONE AUTO FINANCE
Credit Bureau Dispute PO Box 259407
Plano, TX 75025-9407
(800) 946-0332

## 4.7 WESTLAKE SERVICE INC (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | xxxxxx 49 | **Reported Balance** | $0 |
| **Account Status** | CHARGE_OFF | **Available Credit** | |

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

### Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | | | | | | | | | | | | |
| 2020 | 30 | ✓ | ✓ | 30 | ✓ | ✓ | 30 | 60 | CO | CO | CO | |
| 2019 | | | | | ✓ | 30 | R | ✓ | 30 | ✓ | ✓ | ✓ |
| 2018 | | | | | | | | | | | | |

✓ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due

150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account

CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available

### Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| **High Credit** | | **Payment Responsibility** | JOINT_CONTRACTUAL_LIABILITY |
| **Credit Limit** | | **Account Type** | INSTALLMENT |
| **Terms Frequency** | MONTHLY | **Term Duration** | |
| **Balance** | $0 | **Date Opened** | Jul 07, 2018 |
| **Amount Past Due** | | **Date Reported** | Oct 31, 2021 |
| **Actual Payment Amount** | $2,800 | **Date of Last Payment** | Nov 2020 |

| | | | |
|---|---|---|---|
| Date of Last Activity | | Scheduled Payment Amount | $0 |
| Months Reviewed | 31 | Delinquency First Reported | Oct 2021 |
| Activity Designator | PAID | Creditor Classification | AUTOMOTIVE |
| Deferred Payment Start Date | | Charge Off Amount | $16,010 |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Auto | Date Closed | |
| Date of First Delinquency | Jun 2020 | | |

## Comments

Account paid for less than full balance

Paid charge off

## Contact

WESTLAKE SERVICE INC
4751 Wilshire Blvd Ste 100
Los Angeles, CA 90010-3847
(323) 692-4159

# 7. Personal Information

Creditors use your personal information primarily to identify you. This information has no impact on your credit score.

## Identification

Identification is the information in your credit file that indicates your current identification as reported to Equifax. It does not affect your credit score or rating.

| | |
|---|---|
| **Name** | SALMAN GILL |
| **Formerly known as** | |
| **Social Security Number** | xxxxx 9915 |
| **Age or Date of Birth** | Dec 20, 1997 |

## Other Identification

You currently do not have any Other Identifications in your file.

## Alert Contact Information

You currently do not have any Alert Contacts in your file.

## Contact Information

Contact information is the information in your credit file that indicates your former and current addresses as reported to Equifax. It does not affect your credit score or rating.

| Address | Status | Date Reported |
|---|---|---|
| 542 JANEWAY DR APT 164<br>NORRISTOWN, PA 19401 | Current | Apr 23, 2025 |
| 1327 RIVERSIDE DR #1327<br>WILMINGTON, DE 19809 | Former | Apr 13, 2025 |
| 902 N MARKET ST APT 1201<br>WILMINGTON, DE 19801 | Former | Apr 14, 2025 |
| 608 W SCHUYLKILL RD<br>POTTSTOWN, PA 19465 | Former | Apr 20, 2025 |
| 1208 HELLERMAN ST<br>PHILADELPHIA, PA 19111 | Former | Aug 28, 2024 |
| 105 BARRINGTON PL<br>LANSDALE, PA 19446 | Former | Aug 28, 2024 |

| | | |
|---|---|---|
| 1206 HELLERMAN ST<br>PHILADELPHIA, PA 19111 | Former | Apr 11, 2025 |

## Employment History

Employment history is the information in your credit file that indicates your current and former employment as reported to Equifax. It does not affect your credit score or rating.

| Company | Occupation |
|---|---|
| JOHNSON MATTHEY INC | |

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.*

# 12. A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.
- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.
- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.
- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.
- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.
- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.
- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.
- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address form the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

  **CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE**

  **You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

  As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

  A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.
- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.
- **Identity theft victims and active duty military personnel have additional rights.** For more information, www.consumerfinance.gov/learnmore

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact (see next page):**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SALMAN GILL

**DEFENDANTS**
EQUIFAX INFORMATION SERVICES, LLC.,

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 USC 6181

Brief description of cause:
Faliure to Provide Full Disclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| SALMAN GILL | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| EQUIFAX INFORMATION SERVICES, LLC., | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Equifax Information Services, LLC
1550 Peachtree St NW
ATLANTA, GA 30309

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
SALMAN GILL
1206 Hellerman Street
Philadelphia, PA 19111

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

**Mail body: Fwd: Final Complaint (Equifax)**

---------- Forwarded message ---------
From: **Tracy Harris** <info@tlhent.com>
Date: Wed, Aug 13, 2025 at 12:12 AM
Subject: Final Complaint (Equifax)
To: <Salman.517gill@gmail.com>

Will call you tomorrow to discuss filing the first claim.

Thanks,

--
**Tracy Harris II | Owner, TLH ENTERPRISE LLC**
**DBA: Free and Clear Solutions**